# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID FOSTER and WANDA FOSTER, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 1:12-CV-04372-RWS |
| BANK OF AMERICA, N.A., | : : : |
| Defendant. | : |

## ORDER

This case comes before the Court on Plaintiff's Motion to Remand [8]. After reviewing the record, the Court enters the following order.

## Background[1]

This case arises out of the foreclosure sale of Plaintiffs David Foster and Wanda Foster's property, located at 136 Royal Oaks Drive, Canton, Georgia, 30115 (the "Property").

On or about December 28, 2008, Plaintiffs executed a security deed (the "Security Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as grantee/nominee for Sierra Pacific Mortgage Company, Inc.

---

[1] All facts are drawn from the Complaint [1-1] and documents attached to Defendant's Notice of Removal [1].

("Sierra Pacific"). (Defs.' Notice of Removal, Ex. B (the Security Deed), Dkt. [1-2] at 1-3.) Plaintiffs entered into a loan agreement (the "Loan") with Sierra Pacific for the principal amount of $334,800.00, plus interest. (Id. at 2.) In 2012, Plaintiffs fell behind on their Loan payments. (Compl., Dkt. [1-1] ¶ 8.) The Property was sold at a nonjudicial foreclosure sale in July 2012. (Id. ¶ 9; Def.'s Opp'n to Pls.' Mot. to Remand, Ex. A ("Deed Under Power"), Dkt. [10-1].)

On October 22, 2012, Plaintiffs, through counsel, filed a Complaint in the Superior Court of Fulton County, naming Bank of America, N.A. ("BANA") as Defendant.[2] (Dkt. [1-1].) Plaintiffs enumerate causes of action for wrongful foreclosure (Count I), lack of proper notice of foreclosure sale and failure to correctly identify entities with proper authority (Count II), and failure to fairly exercise power of sale clause (Count III). (Compl., Dkt. [1-1].) Plaintiffs claim that their injuries include "losing possession and all equity" in the Property. (Id. ¶¶ 26, 36, 47.) Plaintiffs seek "compensatory and punitive damages in an

---

[2] BANA is the only defendant named in the Complaint. According to Plaintiffs, BANA identified itself as the "secured creditor" and the foreclosing entity. (Compl., Dkt. [1-1] ¶¶ 11-15.) However, BANA's interest in the Property is not at issue in the Motion to Remand currently before the Court.

2

amount to be determined at time of trial, attorney's fees and costs." (Id. at 11-12 of 13.)

Defendant removed the case to this Court on December 19, 2012 on the basis of diversity jurisdiction under 28 U.S.C. §1332. (Notice of Removal, Dkt. [1] ¶ 7.) Plaintiffs now move to remand this action to state court, arguing that Defendant has not proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Dkt. [8].)

## Discussion

A defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). Federal district courts may exercise original jurisdiction where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). In the present case, the parties do not dispute that they are citizens of different states; the only question is whether the amount in controversy requirement has been satisfied.

When determining subject matter jurisdiction, a court must construe the removal statute narrowly and resolve any uncertainties in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Further, the party seeking removal bears the burden of establishing federal jurisdiction.

3

Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).  When a plaintiff makes an unspecified claim for damages – the case here – a removing defendant must establish damages by a preponderance of the evidence. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), rev'd on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076-77 (11th Cir. 2001).

A federal court cannot find that it has subject-matter jurisdiction if the benefit a plaintiff could receive is "too speculative and immeasurable to satisfy the amount in controversy requirement." Leonard v. Enterprise Rent A Car, 279 F.3d 967, 973 (11th Cir. 2002).  To determine the amount in controversy,

> the court considers the document received by the defendants from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. . . . In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents.  If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.

Lowery v. Ala. Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007).

4

While Plaintiffs' Complaint does not allege damages of a sum certain, Defendant's Notice of Removal highlights three facts that support this Court's jurisdiction. First, Defendant states that Plaintiffs' claims arise from the Loan, which was originally secured for $334,800. (Defs.' Notice of Removal, Dkt. [1] ¶ 14; Defs.' Notice of Removal, Ex. B (the Security Deed), Dkt. [1-2] at 2.) Second, Defendant alleges that the amount outstanding and owed by Plaintiffs on the Loan at the time this action was filed was $320,667.12. (Defs.' Notice of Removal, Dkt. [1] ¶ 14; Defs.' Notice of Removal, Ex. C (Plaintiffs' Loan Payment History), Dkt. [1-3].) Third, Defendant asserts that the Property is currently appraised at a value of $239,100. (Defs.' Notice of Removal, Dkt. [1] ¶ 15; Defs.' Notice of Removal, Ex. D, Dkt. [1-2] at 2.)

"[C]ourts often look to the value of the loan as evidenced by the security deed to determine the amount in controversy in a foreclosure case." Milburn v. Aegis Wholesale Corp., 1:12-CV-01886-RWS, 2013 WL 1136983, at *5 (N.D. Ga. Mar. 18, 2013) (citing Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311 (MTT), 2011 WL 5835925, at *2 (M.D. Ga. Nov. 21, 2011) ("[T]he security deed meets the amount-in-controversy requirement.")). Here, the Security Deed shows that the original value of Plaintiffs' Loan was $334,800.00 (Defs.' Notice of Removal, Ex. B (the Security Deed), Dkt. [1-2] at 2), and

5

Plaintiffs' Loan payment history shows that the outstanding balance is $320,677.12.  (Defs.' Notice of Removal, Ex. C (Plaintiffs' Loan Payment History), Dkt. [1-3].)  Additionally, the Property was sold at foreclosure for $262,686.04.  (Def.'s Opp'n to Pls.' Mot. to Remand, Ex. A ("Deed Under Power"), Dkt. [10-1].)  Aside from statements that they have "negative equity" in the Property (Pls.' Mot. to Remand, Dkt. [8] at 2-3),[3] Plaintiffs do not allege any specific facts or put forward any evidence to show that the amount in controversy requirement has not been met.

In light of the record and the foregoing authority, the Court finds that Defendant has shown by a preponderance of the evidence that the $75,000 amount in controversy requirement is satisfied.  Accordingly, Plaintiffs' Motion to Remand [8] is **DENIED**.

## Conclusion

Based on the foregoing, Plaintiffs' Motion to Remand [8] is **DENIED**.

---

[3] Plaintiffs "negative equity" argument is belied by the injuries they claim to have suffered as a result of Defendant's conduct: "losing. . . all equity in [the Property]."  (Compl., Dkt. [1-1] ¶ 47.)

6

**SO ORDERED**, this  9th  day of May, 2013.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

7